```
                        United States Bankruptcy Court
                         Middle District of Pennsylvania
```

## CERTIFICATE OF NOTICE

```
District/off: 0314-1        User: MMchugh          Page 1 of 1          Date Rcvd: Jun 12, 2017
                            Form ID: pdf002        Total Noticed: 15
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 14, 2017.
db/jdb          +Terry J Robinson,    Sharon C Robinson,    3784 Montour Street,    Harrisburg, PA 17111-1937
4918945         +CAPITAL ONE BANK,    HAYT HAYT & LANDAU LLC,    TWO INDUSTRIAL WAY WEST,
                  EATONTOWN, NJ 07724-2265
4918946          CHASE MORTGAGE,    PO BOX 9001123,   LOUISVILLE, KY 40290-1123
4918947         +COLUMBUS B&T ASPIRE CARD,    JEFFERSON CAPITAL SYSTEMS INC,    16 McLELAND RD,
                  ST CLOUD, MN 56303-2198
4918948          COMENITY CAPITAL BANK,    ARS NATIONAL SVCES INC,    PO BOX 469046,    ESCONDIDO, CA 92046-9046
4918949         +PENN WASTE INC,    PO BOX 3066,    85 BRICKYARD ROAD,    YORK, PA 17402-0066
4918950         +PP&L ELECTRIC UTILITIES,    2 NORTH 9TH ST RPC-GENN1,    ALLENTOWN, PA 18101-1139
4919537         +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
4918951          QVC INC,    JH PORTFOLIO/SENTRY CRDT INC,    PO BOX 12070,    EVERETT, WA 98206-2070
4918953          SWATARA TOWNSHIP AUTHORITY,    599 EISENHOWER BLVD,    PO BOX 4920,    HARRISBURG, PA 17111-0920

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4932271         +E-mail/Text: bncmail@w-legal.com Jun 12 2017 19:08:51     COMENITY CAPITAL BANK,
                  C O WEINSTEIN & RILEY, PS,    2001 WESTERN AVENUE, STE 400,    SEATTLE, WA 98121-3132
4929632         +E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 12 2017 19:08:46
                  Pennsylvania Department of Revenue,    Bankruptcy Division PO BOX 280946,
                  Harrisburg, PA 17128-0946
4918952          E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Jun 12 2017 19:00:23     REGIONAL ACCEPTANCE CORP,
                  PO BOX 277760,    SACRAMENTO, CA 95827-7760
4923157          E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Jun 12 2017 19:00:23     Regional Acceptance Corporation,
                  PO Box 1847,    Wilson, NC 27894-1847
4918954          E-mail/Text: bkrcy@ugi.com Jun 12 2017 19:09:08     UGI UTILITIES INC,    PO BOX 15523,
                  WILMINGTON, DE 19886-5523
                                                                                         TOTAL: 5

                *****BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4922712          UGI Utilities Inc PO Box 13009 Reading PA 19612
cr*             +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                               TOTALS: 1, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 14, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 12, 2017 at the address(es) listed below:
              Charles E. Petrie    on behalf of Joint Debtor Sharon C Robinson petriebkcy@aol.com
              Charles E. Petrie    on behalf of Debtor Terry J Robinson petriebkcy@aol.com
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,   TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor   JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                             TOTAL: 5
```

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

TERRY J. ROBINSON and
SHARON C. ROBINSON,

Debtor(s)

: **CHAPTER 13**
: **CASE NO.** 1 - 17 -bk-_____
:
: **CHAPTER 13 PLAN**
:
: **(Indicate if applicable)**
: **# MOTIONS TO AVOID LIENS**
: **# MOTIONS TO VALUE COLLATERAL**
:
: ✓ **ORIGINAL PLAN**
: **AMENDED PLAN**
: **(Indicate 1ST, 2ND, 3RD, etc.)**

---

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

---

## PLAN PROVISIONS

**DISCHARGE:** **(Check one)**

✓     The debtor will seek a discharge of debts pursuant to Section 1328(a).

     The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** **(Check if applicable)**

     This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

# 1. PLAN FUNDING AND LENGTH OF PLAN

### A. Plan Payments

1. To date, the Debtor(s) has paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $30,600.00 , plus other payments and property stated in Section 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 06/2017 | 05/2022 | $510.0 | $0.00 | $510.00 |

|  |  |
|---|---|
| Total Payments: | $ 30,600.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

4. CHECK ONE: ☐ Debtor(s) is at or under median income

   ☑ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $ 132,262.20 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

### B. Liquidation of Assets

1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as . All sales shall be completed by

2

_____, 20_____.  If the property does not sell by the date
specified, then the disposition of the property shall be as follows:
_____

2.      Other payments from any source(s) (describe specifically) shall be paid to
        the Trustee as follows: _____

3.      The Debtor estimates that the liquidation value of this estate is
        $_____0.00_____.  (Liquidation value is calculated as the value of all non-
        exempt assets after the deduction of valid liens and encumbrances and
        before the deduction of Trustee fees and priority claims.)

## 2.      SECURED CLAIMS

A.      <u>Pre-Confirmation Distributions</u>.  Adequate protection and conduit payments in the
        following amounts will be paid by the Debtor to the Trustee.  The Trustee will
        disburse these payments for which a proof of claim has been filed as soon as
        practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |

The Trustee will not make a partial payment.  If the Debtor makes a partial plan payment,
or if it is not paid on time and the Trustee is unable to pay timely a payment due on a
claim in this section, the Debtor's cure of this default must include any applicable late
charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including
statements, payment coupons, impound and escrow notices, and notices concerning
changes of the interest rate on variable interest rate loans.  If any such notice informs the
Debtor that the amount of the payment has increased or decreased, the change in the plan
payment to the Trustee will not require modification of this plan.

B.      <u>Mortgages and Other Direct Payments by Debtor</u>.  Payments will be made outside
        the plan according to the original contract terms, with no modification of contract
        terms, unless otherwise agreed to by the contracting parties, and with liens
        retained.  All mortgage and other lien claim balances survive the plan if not
        avoided or paid in full under the plan.

3

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | | Principal Balance of Claim |
|---|---|---|---|---|
| Chase Mortgage | 3784 Montour Street, Harrisburg, PA 17111 | $ | 1315.00 | $ 145,731.75 |
| Regional Acceptance Corp | 2016 Hyundai Accent | $ | 468.00 | $ 15,000.00 |
| | | $ | | $ |
| | | $ | | $ |

C.    Arrears.  The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below.  If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Chase Mortgage | 3784 Montour Street, Harrisburg, PA 17111 | $ 13,000.00 | $ 0.00 | $ 13,000.00 |
| | | $ | $ | $ |
| | | $ | $ | $ |
| | | $ | $ | $ |

D.    Secured Claims Paid According to Modified Terms.  These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge.  The excess of the creditor's claim will be treated as an unsecured claim.  Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim.  THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

4

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| | | $ | % | $ | |
| | | $ | % | $ | |
| | | $ | % | $ | |

**\* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

E.     <u>Other Secured Claims</u>.  (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| | | $ | % | $ |
| | | $ | % | $ |
| | | $ | % | $ |

F.     <u>Surrender of Collateral</u>.  Debtor(s) surrenders the following assets to secured creditors.  Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered.  This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |

5

G. <u>Lien Avoidance</u>. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):



| Name of Creditor | Description of Collateral |
|---|---|
| | |
| | |
| | |

**THE DEBTOR(S) PROPOSES TO AVOID THE JUDICIAL LIEN OF THE CREDITOR(S) IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION AND ALLOWANCE OF EXEMPTIONS PURSUANT TO § 522(f). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE JUDICIAL LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR(S) WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR(S) MUST FILE A TIMELY OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers</u>. Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)



☑ Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

## 3. PRIORITY CLAIMS

A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

| Name of Creditor | Estimated Total Payment |
|---|---|
| | $ |
| | $ |
| | $ |

B.   Administrative Claims:

(1)   Trustee fees.   Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2)   Attorney fees. Check only one box:

☐   In addition to the retainer of $___1000.00___ already paid by the Debtor, the amount of $___2000.00___ in the plan.  This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

☐   $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney.  Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court pursuant to L.B.R. 2016-2(b).

(3)   Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | $ |
| | $ |
| | $ |

4.   **UNSECURED CLAIMS**

A.   Claims of Unsecured Nonpriority Creditors Specially Classified.  Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| | | $ | % | $ |
| | | $ | % | $ |

7

     B.     All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

**5.**      **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**  The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
|  |  | $ | % $ | $ |  |  |
|  |  | $ | % $ | $ |  |  |

**6.**      **REVESTING OF PROPERTY: (Check One)**

☐      Property of the estate will vest in the Debtor upon confirmation.  (Not to be used with Section 2H)

☑      Property of the estate will vest in the Debtor upon closing of the case.

**7.**      **STUDENT LOAN PROVISIONS**

     **(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)**

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
|  | $ | % $ | $ |  |
|  | $ | % $ | $ |  |

**8.**      **OTHER PLAN PROVISIONS**

     A.     Include the additional provisions below or on an attachment.  **(NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

All unsecured non-priority creditors that file a timely proof of claim will be paid in full through Debtors' Chapter XIII Plan.

8

**9.     ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the Trustee in the following order:

Level 1:
Level 2:
Level 3:
Level 4:
Level 5:
Level 6:
Level 7:
Level 8:

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Priority claims, pro rata.
Level 5:     Secured claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     General unsecured claims.
Level 8:     Untimely filed unsecured claims to which the Debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.  Claims filed after the bar date that are not properly served on the Trustee will not be paid.  The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated:     05/09/2017          /s/Charles E. Petrie
                               Attorney for Debtor

                               /s/Terry J. Robinson
                               Debtor

                               /s/Sharon C. Robinson
                               Joint Debtor

9